UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-20220-BB

UNITED STATES OF AMERICA

vs.

CHARMAINE GATLIN,

    **Defendant.**

_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and Charmaine Gatlin (hereinafter referred to as the "Defendant"), enter into the following plea agreement (the "Agreement"):

1. The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349.

2. This Office agrees to seek dismissal of all remaining counts of the Indictment after sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that

the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.  Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant understands and acknowledges that, as to Count 1 of the Indictment, the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000 or twice the gain or loss resulting from the offense, must order restitution, and must order forfeiture.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed.  The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; or (b) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Defendant agrees and understands that Count 1, the charge to which the Defendant is pleading guilty, involves the Defendant's conduct between in or around October 2014

3

through in or around November 2024, in falsely and fraudulently invoicing Jackson Health Foundation and Jackson Health System (collectively "Jackson") for goods and services that were not provided to Jackson. This Agreement resolves the Defendant's federal criminal liability in the Southern District of Florida brought by this Office growing out of any criminal conduct by the Defendant known to this Office, as of the date of this plea agreement, including but not limited to the above-described scheme.

9. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the sentence to be imposed:

    a. <u>Base Offense Level</u>: The Defendant's base offense level is seven (7), pursuant to U.S.S.G. § 2B1.1(a)(1);

    b. <u>Loss</u>: The Defendant's offense level shall be increased by eighteen (18) levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(J), because the loss was between $3,500,000 and $9,500,000;

    c. <u>Sophisticated Means</u>: The Defendant's offense shall be increased by two (2) levels, pursuant to U.S.S.G. § 2B1.1(b)(10), because the defendant engaged in or caused the conduct that constituted sophisticated means;

    d. <u>Abuse of Trust</u>: The Defendant's offense level shall be increased by two (2) pursuant to U.S.S.G. § 3B1.3 because the Defendant abused a position of private or public trust in a manner that significantly facilitated the commission of the offense;

    e.    <u>Role in the Offense</u>: It is the United States' position that the Defendant's offense level shall be increased by two (2) pursuant to U.S.S.G. § 3B1.1(c) because the Defendant was an organizer, leader, manager, or supervisor in the criminal activity. It is the Defendant's position that the offense level should not be increased pursuant to U.S.S.G. § 3B1.1(c).

10. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

11. The Defendant agrees to make full restitution as ordered by the Court, payable immediately on such terms and conditions as the Court may impose, for the full amount of the losses caused by Defendant's relevant conduct in this case. The Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and

that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

12. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C). In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to a forfeiture money judgment in the sum of $1,058,440 in U.S. currency, which sum represents the value of proceeds derived from the commission of the offense of conviction.

13. The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

14. The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

15. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further expressly waives her right to appeal based on arguments that (a) the statutes to which the Defendant is pleading guilty are unconstitutional and (b) the Defendant's admitted conduct does not fall within the scope of the statutes. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released

from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.

16. If the Defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

   a. The United States will be released from its obligations under this agreement. The Defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

   b. The Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the Defendant agrees to waive any statute-of-limitations defense; and

   c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the Defendant, and all such information, statements, and leads derived therefrom may be used against the Defendant. The Defendant waives any right to claim that statements made before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P.

11(f), the Sentencing Guidelines or any other provision of the Constitution of federal law.

17. This Agreement is limited to this Office, and as such, does not bind other federal, state, regulatory, or local prosecuting authorities.

18. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 9/11/25    By: _____
ELIZABETH YOUNG
ASSISTANT UNITED STATES ATTORNEY
DEPUTY CHIEF

Date: 9/11/25    By: _____
DAVID HOWARD
COUNSEL FOR CHARMAINE GATLIN

Date: 9/11/25    By: _____
CHARMAINE GATLIN
DEFENDANT